JS 44 (Rev. )

# CIVIL COVER SHEET

18-CV-0111

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**18    111**

## I. (a) PLAINTIFFS
Gloria Clayton

**DEFENDANTS**
Midland Credit Management, Inc.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ❏ 2  U.S. Government Defendant | ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation - Transfer   ❏ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act, 15 U.S.C. Sect. 1692 et seq.
Brief description of cause:
unfair debt collection practices

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

JAN - 9 2018

DATE
01/08/2018

SIGNATURE OF ATTORNEY OF RECORD

S 7

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**

**18   111**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ 1721 N. Edgewood St., Philadelphia, PA 19151

Address of Defendant: _____ 2365 Northside Drive, Suite 300, San Diego, California, 92108

Place of Accident, Incident or Transaction: _____ Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _____ 15 U.S.C. 1692 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

Nicholas Linker _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____ 1/8/2018

Attorney-at-Law

321521
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 1/8/2018

Attorney-at-Law

321521     JAN - 9 2018
Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Gloria Clayton | : | CIVIL ACTION |
| v. | : | |
| Midland Credit Management, Inc. | : | NO. **18   111** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 1/8/2018 | Nicholas Linker | Plaintiff, Reneisha Knight |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 862-227-3106 | 973-282-8603 | NL@zemellawllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN -9 2018

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

$400

NIQA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GLORIA CLAYTON, on behalf of herself and ) Case No.:
all other similarly situated consumers,        )
                                                )              **18      111**
                Plaintiff,                      )
                                                )
        vs.                                     ) COMPLAINT -- CLASS ACTION
                                                )
MIDLAND CREDIT MANAGEMENT INC., )                         **FILED**
                                                )
                Defendant.                      )              JAN 09 2018
_____)       KATE BARKMAN, Clerk
                                                 By_____Dep. Clerk

Plaintiff, Gloria Clayton (hereinafter "Plaintiff"), on behalf of herself and all other similarly

situated consumers, by and through undersigned counsel, hereby alleges against Midland Credit

Management, Inc. (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of the Fair Debt

Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in Philadelphia,

Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a)

of the FDCPA.

5.      Defendant is a corporation doing business in the Commonwealth of Pennsylvania, with its

corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt

collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they

regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.      On a date better known by Defendant, Plaintiff incurred a debt from the use of a credit

card to purchase goods used for personal, family, and household purposes.

7.      On a date better known by Defendant, Defendant began attempting to collect on said debt

allegedly owed by the Plaintiff.

8.      On or about February 3, 2017, Defendant sent Plaintiff the letter attached as Exhibit A,

presenting the "current balance" as $137.71, for a personal debt originating with Verizon

Pennsylvania, Inc..

9.      The Collection Letter offered three available payment options. Option one (1) was for a

payment due by March 5, 2017 for 40% off. Option two (2) was for 20% off with payments over

3 months. Option three (3) was for "monthly payments as low as $50 per month." *See* Exhibit A.

Therefore, Options 2 and 3 clearly offered payments over time.

10.     In the last line of the Collection Letter, in much smaller print, Defendant states, "The law

limits how long a debt can appear on your credit report. Due to the age of this debt, we will not

report payment or non-payment of it to a credit bureau."

11.     The Collection Letter is misleading, confusing, deceptive, and unfair as it misrepresents the

nature, character, and/or legal status of the alleged debt. The Letter did not indicate or inform

Plaintiff that the statute of limitations had run on her debt and the resultant legal status of the debt.

2

12.     Nor did the letter inform Plaintiff that a partial payment on the debt would restart the running of the statute of limitations. In fact, had Plaintiff chosen a payment plan option, and advised Defendant of this in writing, the partial payment would revive the statute of limitations rendering the Plaintiff worse off than if she had rejected the offer.

13.     It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance." *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014); *see White v. First Step Grp. LLC*, 2017 LEXIS 153569 (E.D. Cal. Sept. 19, 2017).

14.     The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA by its Collection Letter to the Plaintiff.

## CLASS ACTION ALLEGATIONS

### The Class

15.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

16.     Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers with a Pennsylvania address that have received collection letters similar to Exhibit A from Defendant concerning debts for Verizon Pennsylvania, Inc. used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

17.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

3

### Numerosity

18.     Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19.     The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

21.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

22.     The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical

4

of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

23.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## Proceeding Via Class Action is Superior and Advisable

25.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

32.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

33.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34.     Defendant's Collection Letter is false, deceptive, and misleading, and violates the below provisions of the FDCPA.

35.     Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

**Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of—**

      **(A) the character, amount, or legal status of any debt;**

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff, Gloria Clayton, respectfully requests that this Court do the following for the benefit of Plaintiff:

      A.  Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

      B.  Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

      C.  Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

      D.  Award costs and reasonable attorneys' fees;

      E.  Grant such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

36.     Plaintiff demands a jury trial on all issues so triable.

Dated this 8th of January 2018.

                       Respectfully Submitted,

                       Nicholas Linker, Esq.
                       Zemel Law LLC

7

78 John Miller Way Suite 430
Kearny, NJ 07032
Tel: (862)- 227-3106
nl@zemellawllc.com

# Exhibit A

| Verizon Pennsylvania Inc. | | |
| --- | --- | --- |
| **Original Account Number** | | |
| ▓▓▓▓1518 | | |
| **MCM Account Number** | | |
| ▓▓▓▓4468 | | |
| **Current Balance** | | |
| $137.71 | | |
| **Current Owner** | | |
| Midland Funding LLC | | |
| **Discount** | | |
| 40% OFF | | |

Gloria Clayton
1721 N Edgewood St
Phila, PA 19151-3914

P21T559 001

RE Verizon Pennsylvania Inc.

Dear Gloria Clayton,

## CALL US TODAY! (800) 282-2644

### AVAILABLE PAYMENT OPTIONS

**Option 1** — 40% OFF

**Option 2** — 20% OFF
Over 3 Months

**Option 3** — Monthly Payments As Low As: $50 per month
Call today to discuss your options and get more details.

### Benefits of Paying Your Debt

~ Save $55.08 if you pay by 03-05-2017 ~
~ Put this debt behind you ~
~ No more communication on this account ~
~ Peace of mind ~

**Hours of Operation**
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

We are not obligated to renew any offers provided.

 **(800) 282-2644**     **midlandcreditonline.com**     Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MCM Account Number          8558734468
Current Balance                      $137.71

Total Enclosed          $ _____ . _____

 **Manage Your Account Online**
midlandcreditonline.com

 **Important Payment Information**

**Make checks payable to:**
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 282-2644**

se habla espanol
(888) 422-5178

Mail Payments to:
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

12 8558734468 1 0008262 030517 4 103233516

B470 M001

To report any inaccuracies or to dispute this debt, please call (800) 282-2644
Calls to and/or from this company may be monitored or recorded.
Case 2:18-cv-... Page 15 of 15

## Basic Information

| Original Creditor | Verizon Pennsylvania Inc. | MCM Account Number | 8558734468 |
| Original Account Number | 2158773561518 | Charge-Off Date | 05-16-2011 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

## Important Contact Information

| **Send Payments to:** Midland Credit Management, Inc. P.O. Box 60578 Los Angeles, CA 90060-0578 | **For disputes call (800) 282-2644 or write to:** Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | **Physical Payments for Colorado Residents:** 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

PRODA